Good morning. May it please the Court. My name is Alex Chen. I'm here on behalf of the Petitioners Hassan and Zumrud Fero. The primary issue presented in this case is whether the Board of Immigration Appeals correctly affirmed the immigration judge's decision to deny the petitioners' applications for withholding of removal and protection under the Convention Against Torture. The basis for the immigration judge's denial was that the petitioners did not belong to a particular social group, and because they did not belong to a particular social group, they could not establish a nexus between the harm they experienced and one of the five enumerated grounds under Section 1101 of Chapter 8 of the United States Code. We believe this decision was entered in error, and we believe that the Board of Immigration Appeals incorrectly affirmed the decision of the immigration judge. What questions are before us? As I look at the record, I think we do not have an appeal on the question of the one-year bar, so we're not dealing with asylum. Is that correct? We are not dealing with asylum, Your Honor. And we do not have an appeal on CAT. Is that correct? That is in dispute. The primary form of relief that petitioners are seeking is withholding of removal at this point, and that is the primary issue. Which is why your argument is focusing on protected ground. Okay. Yes. But just in one sentence, you say it is in dispute about CAT. I thought that it was not being pursued. CAT is still being pursued as an option. Since CAT is a high – in order to apply for CAT, there's a higher standard that a petitioner has to show to each CAT. So if a petitioner is applying for withholding of removal, it wouldn't make any sense for the petitioner not to also pursue CAT at the same time. But I do acknowledge that the respondents did make an argument that CAT relief was – since it was not made on appeal, then it's not – But the case will be driven by the withholding of removal. Yes. Okay. And the particular social group that petitioners belong to was their family. That's what we argue that the Board of Immigration Appeals should have concluded. And the case law is pretty clear from this court that a family can qualify as a particular social group for the purposes of asylum law. And when a court has decided that a family has qualified as a particular social group, it's given weight as to whether an alien has been persecuted in the past and whether an alien resided with the family, whether the alien was making a claim as to their immediate family. Let me understand the nature of the social group claim with respect to family. Social group turns out to be kind of problematic. There are a lot of questions about it in lots of settings. Let's assume for the moment, a little bit counterfactually with respect to this case, but let's assume that we only have one person who's borrowed money from the Turkish mafia. As to the first restaurant, he fails to pay, and they say, okay, well, we'll take the restaurant. He then borrows money again from somebody in the Turkish mafia, and this time around he doesn't pay, and they take away that – the new restaurant, they take away his house, they burn his hand, and they break his fingers. He now seeks asylum and withholding. Does he have a protected ground? He does not because his fear is based on what he personally did. That would not be a protected ground. So now change this only in one respect. They say, and we are going to break your wife's fingers. Is this now a protected ground? He would have a significantly stronger argument to make for a protected ground if he was found credible. Because? Because a family member is now involved. That changes the nature of the claim to one where someone is owing someone else a debt, which is clearly not a protected social ground under any case law, to where someone's fearful. You know, we get cases all the time where bad things are happening, and they're happening to various family members. And the way you're arguing it is as soon as bad things are happening to more than a single person, but to more than one person in the same family, all of a sudden we've got a protected ground. Well, only if they're credible, though. Only if they can credibly make their case. I'm assuming credibility, which was also, I mean, we've got a credibility here. I mean, credibility finding. We're assuming these people are credible here. But what I'm saying is that if your version of social group and family is the right one, there are an awful lot more withholdings and asylums that I think we should have been granting than we have not been. But there are a set of standards that this Court has looked at. And I know an unpresidential case was cited in the brief, not for purposes of precedent, but as a way to guide the argument. But there are factors that the Court has looked at, the immediacy of the family members, whether or not the family members lived together. It appears that what this Court has looked at in the past is how close the family members are. And those are the factors that the Court can take into consideration when evaluating whether or not a family claim under a particular social group should be regarded credibly. So what if, following up on that analogy, what if it's not the other family member who had the fingers broken, but it was somebody else down the street that had the fingers broken for defaulting on the same loan to the same mafia but for a different loan? Now, is that enough? Well, it would depend on the circumstances. If the person down the street was incredibly close to the person claiming it. Well, what if they weren't incredibly close at all, but they simply loaned, borrowed money from the same mafia people, and maybe actually one referred the other to the mafia person as a good source of loans? Then that doesn't sound like a case that would fall under a particular social group unless there was some other basis that was present in the case. Because that's not a family situation. It would be the alien making the withholding of removal claim would have to find another group to claim membership in. Was the family social group issue raised before the agency? Before the Board of Immigration Appeals? Or the IJ? Well, that is another point of contention here. It's our contention that what was raised before the immigration judge and the Board of Immigration Appeals was just a general claim that petitioners belonged to a particular social group. Well, the social group was actually business owners who were being extorted by the mafia, wasn't it? Well, reading over the transcript led me to believe that there was not a specific claim made as to what particular social group the petitioners belonged to. The trial transcript. What generally happens at the immigration court is that someone doesn't actually allege specifically. Many times the attorney for the alien or the alien doesn't actually allege a particular social group. They just make a general claim for a particular social group. But how can that meet the exhaustion requirement if you're not specific about the social group? How can the social group be identified if it's not specified? Well, that's not, that's not, that burden shouldn't be placed on the alien to make an argument as to a particular social group. Why not? The alien has the burden of showing entitlement to relief. And the alien did make a general claim as to his or her membership in a particular social group. And I think requiring the alien to specifically specify that it's family that is the particular social group is requiring a two-graded degree of specificity. Do you have a case that says that the alien meets its burden of showing particular social group by just making the general assertion without describing the social group? What case comes closest to supporting your argument? Well, I would point out that there wasn't a case that really was on point in running counter to that argument. I mean, the respondents cited one case that briefly noted that if the alien brings up a new claim for a particular social group, then that claim is unexhausted. The claim of family is close enough to what was alleged to be the particular social group at trial, that the alien shouldn't be required to just have to go before the board again and make the claim before coming to the Ninth Circuit. The claims were close enough. And I would note that in the BIA's denial of or in the BIA's decision to affirm the immigration judge's decision, the BIA didn't specifically address which particular social group that the aliens belong to. If the BIA is not addressing that in its decision, then why would the alien have to specifically state on the record that they belong to a particular social group such as a family? You've got just a little bit of time. Why don't we hear from the government, and then we'll give you a chance to respond. Okay. Thank you. May it please the Court. Rebecca Nahas for the United States Attorney General. Petitioners raise only one challenge to the agency's denial of withholding of removal. They claim that they were harmed on account of their membership in a particular social group consisting of their family. However, the Court locks jurisdiction to consider this claim because it was never raised before the agency. Petitioner claims today that he did not need to raise a specific particular social group to the agency. However, the case on this circuit, specifically Figuero v. McKasey, states that the petitioner must raise a specific claim to put the agency on notice of the claim and provide an opportunity to address it. That was not satisfied here. Therefore, the Court locks jurisdiction over this claim. In any event, substantial evidence supports the agency's finding that there is no nexus between the harm petitioners fear and a protected ground. According to Mr. Farrow's own testimony, the only reason he was harmed by the Turkish Mafia is because he failed to pay his debts. He admitted that he was not harmed because of his race, religion, or political opinion. He also admitted that he wasn't treated any differently than any other person who failed to pay his debts to the Turkish Mafia. While unfortunate, petitioners were victims of a crime, which does not amount to persecution on a protected ground. There is nothing else before the Court. Petitioners waived CAT protection by not raising it in their appeal brief. They also have conceded today that they are not seeking asylum. Therefore, the Court should deny the petition for review. If the Court does not have any questions, the government rests on its brief. I hate to cheat you out of your ten minutes, but I think you're finished. Okay. Thank you, Your Honor. Would you like a minute to respond? Respondents are requiring a degree of formality and specificity that just isn't always realistic given the way the immigration courts operate. Let me read to you the brief filed on behalf of your client in front of the BIA. I'm on page 18 of that brief. Thus, in the Ninth Circuit, an individual may be a member of a social group because of either innate social characteristics or involuntary associations. Under the criteria set forth above by the BIA in the Ninth Circuit, it is clear that Respondents Fair have established persecution as a member of a partitional social group. Here it comes. The Respondents were known to the Mafia as business owners because the Respondents borrowed money from them. They were well known in their community. The evidence compels the conclusion that they were persecuted on account of membership in a particular social group. It sounds as though you did allege specifically social group, and the social group is people who borrow money from the Mafia. Well, I... You can respond, of course. Okay. Well, I wasn't the one who filed that brief. I understand. Somebody did on behalf of the Mafia. Somebody did, but I would still say that there's a period before, right? There's a period after the argument about a particular social group, and then the attorneys write something about them being business owners. Right? So there's not... There's several periods in that paragraph. I guess you could argue that, well, they didn't say they are a member of a particular social group. The particular social group is business owners. I mean, that wasn't stated in that brief particularly clearly. I mean, you could argue that they're making a general argument about a particular social group and using business owners as a potential group. I mean, if the... I think that's probably the best response you can make. Well, I'll note that the BIA, in the BIA's decision, the BIA does not explicitly address the particular social group that, I guess, the attorneys for the petitions at the time cited. So if... I guess I would argue that it wasn't clear to the BIA either. If it was clear, they would have specifically addressed the business owner, particular social group. Well, the BIA simply said, failed to allege an appropriate social group. Right. Okay. Thank you. Thank you. Farrell v. Holden, I'll submit a decision. Thank both sides for your arguments.
judges: Ebel, Fletcher, Rawlinson